## THE STATE OF KANSAS v. DOUGLASS RIGGS.

HOMICIDE — *Preliminary Examination—Plea in Abatement not Sufficient.* Where the defendant in a criminal prosecution in the district court, who is charged upon information with committing murder, files a plea in abatement, setting forth that he has not had a preliminary examination or waived the same, except upon a warrant of arrest which he claims does not charge murder, and in his plea he does not state that he has not had any preliminary examination at all, or that the evidence upon the preliminary examination did not prove mur-

der, and does not state that at the time when the information was filed in the district court he was not a fugitive from justice, *held*, that such plea in abatement is not sufficient.

*Appeal from Sumner District Court.*

FROM a conviction and sentence for murder in the second degree, at the April term, 1889, the defendant, *Riggs*, appeals. The material facts are stated in the opinion.

*Stanley & Hume*, for appellant.

*John N. Ives*, attorney general, for The State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant, Douglass Riggs, was prosecuted upon a criminal information charging him with the commission of the offense of murder in the first degree, and he was convicted of and sentenced for murder in the second degree, and he now appeals to this court. It appears that prior to the trial in the court below he filed a plea in abatement, the second ground of which, and the only one relied on, reads as follows:

"Second. That the defendant is informed by counsel, and believes, that the information filed against him in this action charges the defendant with the offense of murder in the first degree and the offense of murder in the second degree and manslaughter in the first degree; that the defendant has never had a preliminary examination of or for either of said offenses, and has never waived his right to a preliminary examination for either of said offenses; that the only offense of and for the commission of which the defendant has been arrested and had or waived a preliminary examination is the offense set forth and described in a certain warrant issued by William Nyce, a justice, of the examination on which said information by said county attorney has been filed; that the defendant hereby refers to said warrant, commitment, and transcript, and makes each of the same a part of this plea; that the defendant has not had any preliminary examination or waived his right to such examination for the commission of any offense other than the particular offense set forth in the said warrant above described.

"Wherefore, the defendant demands that the information by the county attorney filed in this action be wholly abated, and stricken from the files of this action."

The "warrant," or rather the warrant of arrest, referred to in the foregoing plea, which was the original warrant in the case, omitting all except that portion which states the offense, reads as follows:

"That on the 28th day of October, 1888, in Sumner county and state of Kansas, Douglass Riggs did then and there unlawfully and feloniously attack Robert E. Sharp with a knife, and did then and there cut and wound the said Robert E. Sharp, and the said Robert E. Sharp died from the said wounds received from the jackknife in the hands of said Douglass Riggs."

The "commitment," or rather the warrant of commitment, referred to in the foregoing plea, which of course was issued by the justice of the peace after the preliminary examination was had, or after the waiver of the same, as the case may be, omitting all the formal parts, reads as follows:

"Whereas, it appearing that the offense of murder has been committed, and there is probable cause to believe that the defendant, Douglass Riggs, is guilty of the commission of said offense; and whereas, no sufficient bail has been offered in said defendant's behalf for his appearance at the next term of the district court of said county to answer said charge alleged against him: you are therefore commanded to take and commit the said defendant to the jail of Sumner county, there to remain until he shall be discharged by law; and deliver this writ to the jailer thereof."

There is nothing in the record that shows that a full "transcript" of the proceedings had before the justice of the peace that issued the aforesaid warrants of arrest and of commitment, and before whom the preliminary examination may have been had or waived, is contained in the record, and certainly only a portion of such proceedings is contained in or shown by the record. The state filed a demurrer to the above plea in abatement, which demurrer was sustained by the court and the plea in abatement was overruled. Afterward a trial was had upon

the merits, before the court and a jury, with the result afore-
said.    Perhaps it should also be stated that the defendant re-
fused to plead to the information, and that the plea of not
guilty was entered for him, and upon conviction he was sen-
tenced to imprisonment in the penitentiary for the term of
10 years.

The only question presented to this court for decision is,
whether the court below erred or not in sustaining the plain-
tiff's demurrer to the defendant's plea in abatement, and in
overruling such plea; and the only ground for claiming error
in this respect is the claim of the defendant that the original
warrant of arrest did not charge the offense of murder in the
second degree, of which the defendant was found guilty.    It
will be noticed that the plea in abatement does not specifically
allege that no preliminary examination was had at all, but
only that no preliminary examination for the offense of mur-
der in either degree, or of manslaughter in the first degree,
was had or waived, and this for the reason only that the war-
rant of arrest did not charge murder at all, and did not charge
manslaughter in the first degree; and nothing is said in the
plea in abatement as to whether the defendant was a fugitive
from justice or not at the time when the information was filed.
If he was a fugitive from justice at that time, it was not nec-
essary that he should have had any preliminary examination
at all, or any opportunity to waive the same; (Crim. Code,
§ 69; *The State v. White,* 44 Kas. 514, 522;) and if in fact
he had a preliminary examination, even on the aforesaid war-
rant of arrest, and if it was shown by the evidence upon such
preliminary examination, in the language of the warrant of
commitment, "that the offense of murder has been committed,
and there is probable cause to believe that the defendant,
Douglass Riggs, is guilty of the commission of said offense,"
then an information charging murder in the degree of which
the defendant was found guilty, which was the second and
lowest degree of murder, was authorized.    As the warrant
of commitment was for murder, it evidently shows, *prima
facie* at least, either that the evidence on the preliminary ex-

amination proved murder, or that the defendant waived a preliminary examination for murder. Besides, it is difficult to say that the original warrant of arrest did not by fair intendment or implication charge murder. Of course it did not charge the offense in such terms as would be necessary to make an information or an indictment sufficient, but did it not in ordinary language charge murder in at least the second degree, by fair and reasonable implication or intendment? It is not necessary to decide this question, and we shall not do so, for we think the plea in abatement itself was insufficient in not expressly alleging that the defendant did not have a preliminary examination at all, or that the evidence upon the same did not show murder, and that he was not a fugitive from justice. (See *The State v. White*, supra.)

The judgment of the court below will be affirmed.

All the Justices concurring.