## THE STATE OF KANSAS v. CHARLES W. WHITE.

1. RAPE — *Valid Statute.* The amendment to § 31 of the act relating to crimes and punishments as enacted in 1887, which provides for the punishment of any male person having illicit sexual intercourse with any female person under eighteen years of age, by confinement and hard labor for not less than five years nor more than twenty-one years, is not unconstitutional or void.

2. ———— *Sufficient Information.* In such a case where the information charges, among other things, that the defendant, Charles W. White, did "commit the crime of rape by then and there unlawfully, feloniously and carnally knowing one Lottie Linden," etc., "contrary to the form of the statute," etc., the information is not insufficient for the reason that it does not allege that Lottie Linden was not the wife of Charles W. White.

3. PLEA IN ABATEMENT, *Overruled — Error.* The defendant filed a plea in abatement which contains, among other things, the following:

   "Defendant says that at the date of filing the information in this case he was not a fugitive from the justice of the state of Kansas, nor had he been at any time such fugitive. Defendant further says that no preliminary examination has ever at any time been given him in this action, nor did he at any time waive such preliminary examination."

   The court sustained a demurrer to the first sentence of the matter above quoted, and virtually struck it out of the plea; *held,* error.

### Appeal from Norton District Court.

THE opinion states the material facts. From a conviction at the May term, 1890, the defendant *White* appeals.

*Ernest W. Norlin,* and *Louis K. Pratt,* for appellant.

*L. B. Kellogg,* attorney general, and *L. H. Thompson,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This is an appeal from a judgment rendered in the district court of Norton county, sentencing the defendant, Charles W. White, to imprisonment in the penitentiary for a period of five years for the commission of an alleged rape "by carnally and unlawfully knowing" Lottie

Linden, in violation of the provisions of § 31 of the act relating to crimes and punishments as amended in 1887. (Laws of 1887, chapter 150, § 1; Gen. Stat. of 1889, ¶ 2152.) This section reads as follows:

"SEC. 31. Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female under the age of eighteen years, or by forcibly ravishing any woman of the age of eighteen years or upwards, shall be punished by confinement and hard labor not less than five years nor more than twenty-one years."

This section of the statute is now precisely the same as it was prior to the amendment in 1887, except that where the word "eighteen" now occurs in the amended section the word "ten" occurred in the original section, and between the words "female" and "under" in the amended section the word "child" occurred in the original section. It is unquestionably true that in 1887, and before and since, our laws relating to illicit intercourse between the sexes and for the punishment thereof, and for the protection of boys and girls and others, and of society generally, greatly needed and still need amendment; but the amendment that was in fact made in 1887 may be subject to considerable criticism. It denominates certain conduct rape which is not in fact rape, and could not in the nature of things be such unless the meaning of the word "rape" should be greatly changed. It attempts to accomplish a thing by the use of indirect language which might be much better accomplished by the use of direct language. It inflicts a punishment for mere fornication of vastly greater severity than was ever before inflicted for such a wrong, and much greater than the punishment imposed for the greater wrong of adultery or of sexual intercourse coupled with seduction where the female is over eighteen years of age. In attempting to provide for the protection of girls, it wholly overlooks the protection of boys. It overlooks the fact that some girls under the age of eighteen years are incorrigibly wicked and depraved, even common prostitutes. It overlooks the fact that girls generally, whether good or bad, have intelligence and the capacity to think, to will and to act, long be-

fore they arrive at the age of eighteen years. It in effect presupposes that boys of the same age with girls, or even much younger than girls, are vastly their superiors in mental capacity and in the power to exercise volition. It recognizes a greater difference between the sexes and a greater superiority on the part of the males over the females than has ever before been promulgated or admitted or believed by any person or set of persons, although it has generally been maintained that there always have been sufficient differences existing between the sexes to justify all the great differences in the powers, privileges, disabilities and immunities which by virtue of the laws have heretofore existed between the sexes.

The defendant in the present case was a boy nineteen years of age, and the female with whom he had the sexual intercourse was a girl sixteen years of age. Each lacked just two years of having arrived at the age of majority. Their sexual intercourse with each other was had at divers times from April 15, 1889, up to May 25, 1889. Also, from the record brought to this court, it would seem that the girl had also had improper relations with other male persons besides the defendant. On February 12, 1890, the girl gave birth to a child, of which she testified that the defendant was the father. It also seems that with regard to the intercourse between these parties, no conjugal right was violated, no force or fraud or seduction or promise of marriage has been imputed; they were not of kin to each other; both willingly participated in the wrongful acts; both in fact consented, and each had ample capacity to know what he or she was doing, and to consent; and none of the improper acts committed by them, whether of sexual intercourse or otherwise, were committed in public, or in the presence of others. Indeed, except for the foregoing statute, their acts would constitute nothing more than pure and simple fornication.

It is claimed on the part of the defendant that the foregoing statute either can have no application to this case, or, so far as it does apply to this case, it is unconstitutional and void for the reason that it conflicts with § 9 of the bill of rights,

because it inflicts cruel and unusual punishment; and is in conflict with the spirit of the bill of rights generally; and is in violation of common sense, common reason, and common justice; and the following authorities are cited in support of this claim: *Anderson v. City of Wellington,* 40 Kas. 173; 3 Am. & Eng. Encyc. of Law, 674, note 3, and cases there cited; Potter's Dwarris on Stat., 76, 77, 78. It is claimed that the legislature cannot convert pure and simple fornication into rape, or provide a punishment for the same as though it were rape.

The statutes of this state relating to illicit intercourse between the sexes, when such statutes are compared with each other, are peculiar. Under them, sexual intercourse between unmarried persons where no extraneous facts exist to magnify the wrong, is never as to the female an offense, and is never as to the male an offense unless the female is under 18 years of age. And where the intercourse is procured under a promise of marriage it is never an offense with regard to the female, and is only an offense with regard to the male where the female is under 21 years of age, and it is not then an offense with regard to the male unless the female is either under 18 years of age or is both under the age of 21 years *and of good repute.* (Gen. Stat. of 1889, ¶¶ 2152, 2157.) And even where conjugal rights are violated, as in adultery, or where the sexual intercourse is coupled with acts of an openly lewd, lascivious or indecent character, the acts of the parties constitute only a comparatively insignificant case of misdemeanor. The statute on the subject reads as follows:

"SEC. 232. Every person who shall be guilty of adultery, and every man and woman (one or both of whom are married, and not to each other) who shall lewdly and lasciviously abide and cohabit with each other, and every person married or unmarried who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall on conviction be adjudged guilty of a misdemeanor, and punished by imprisonment in a county jail not exceeding six months, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

(Act relating to crimes and punishments, § 232; Gen. Stat. of 1889, ¶ 2369.)

Now why should adultery, where conjugal rights are violated, and where the parties are of mature age, be only a trivial misdemeanor, while fornication pure and simple between boys and girls should be a high crime and a felony as to the boy? Lord Macaulay, in his History of England, (vol. 1, ch. 2,) in speaking of the Puritans, who were generally the most austerely moral and religious people that ever existed, while they were in power in the time of Cromwell, says:

"Against the lighter vices the ruling faction waged war with a zeal little tempered by humanity or by common sense. . . . The illicit intercourse of the sexes, even where neither violence nor seduction was imputed, where no public scandal was given, where no conjugal right was violated, was made a misdemeanor."

In this state, instead of making the acts of which Lord Macaulay makes mention a misdemeanor only, they are, if the female is under eighteen years of age, made a high crime and a felony as to the male, for which he may be imprisoned in the penitentiary at hard labor for a period of twenty-one years. From the earliest times in Kansas, it has been the tendency of legislation and of thought to consider female persons as having some intelligence, some mental capacity, and some power of volition, and to make them as nearly equal with males with regard to their lives, liberties, persons, property, vocations, rights, powers, privileges and immunities as it is possible to make them. Under the laws as they now exist they are as much entitled to their children as males, and may carry on business as freely as males, and the elective franchise has been greatly extended to them; and yet the statute which we are now considering inaugurates a theory of vast inequality between them. Under this statute a boy and girl both under the age of eighteen years and of the same age, or the boy the younger, may engage in an act for the doing of which the boy may be imprisoned at hard labor in the penitentiary for twenty-one years, while the girl has

committed no offense—and this for the reason that in contemplation of law she has no mental capacity to consent to the act, no intellectual volition.    It is true she may be the older of the two, the more intelligent and aggressive of the two, the real actor in the transaction, and the seducer, if either is a seducer, and yet under the law she has no mental capacity to consent or will-power to act, and therefore has not committed any offense, not even a misdemeanor, while the boy has committed a great crime, and if he is over 16 years of age may be sent to the penitentiary, and be there confined at hard labor for 21 years as aforesaid; but if he is under 16 years of age he would be confined in the county jail only, or be sent to the state reform school.    And it would make no difference that the girl might be a common prostitute—his punishment would be the same.    Now, if it is necessary that such a severe punishment should be inflicted upon a boy for committing pure and simple fornication, it would seem that some slight degree of punishment might properly be inflicted upon the girl; and if it is necessary that such a severe punishment should be inflicted upon either, it would seem that some slight degree of punishment might properly be inflicted upon any person, male or female, guilty of illicit sexual intercourse, although the same might be only fornication, and the female be over 18 or over 21 years of age; and if such a severe punishment may properly be inflicted upon any person for pure and simple fornication, it would seem that the greatest of punishment would not be too severe for any person of full age who should commit the greater wrong of adultery, or of sexual intercourse coupled with seduction.

We agree with counsel for the defendant, that "it is not competent for the legislature to make that rape which in the very nature of things and common justice and sense is not"; but courts in construing statutes do not look at mere forms or phrases, or even at the improper use of language, but they look at the substance of things and try to ascertain what was the real intention of the legislature; and evidently the legislature in passing the foregoing statute intended that in all

cases of illicit intercourse, where the female is under 18 years of age, the male should be punished by imprisonment at hard labor in the penitentiary for a period of not more than 21 years nor less than five years, although the act might be pure and simple fornication, and nothing else. Instead of enacting this, however, in direct terms, the legislature chose to accomplish the same result in an indirect manner, and by amending that section of the act relating to crimes and punishments (to wit, §31) which relates to rape. When this section was first enacted in the earlier days of Kansas, it was evidently believed by the legislature that the girls of Kansas then had the capacity to give their consent to sexual intercourse at the age of ten years, and that they had not such capacity at any earlier age. And hence the age of ten years was fixed as the age of consent; but when the section was amended in 1887, so as to make it read as it now reads, it would seem that the law-makers believed that the girls of Kansas at that time had no capacity to give any intelligent consent to sexual intercourse until they arrived at the age of eighteen years. In substance, however, the law-makers simply intended to punish any male person by imprisonment in the penitentiary at hard labor for a term not exceeding 21 years who might be guilty of any kind of illicit sexual intercourse with any girl under 18 years of age whether she consented or not, and whatever might be the surrounding circumstances, and although the intercourse might be pure and simple fornication. With respect to the severity of the punishment, while we think it is true that it is a severer one than has ever before been provided for in any other state or country for such an offense, yet we cannot say that the statute is void for that reason. Imprisonment in the penitentiary at hard labor is not of itself a cruel or unusual punishment within the meaning of §9 of the bill of rights of the constitution, for it is a kind of punishment which has been resorted to ever since Kansas has had any existence, and is a kind of punishment common in all civilized countries. That section of the constitution probably, however, relates to the kind of punishment to be inflicted,

1. Rape—valid statute. and not to its duration. Although the punishment in this case may be considered severe, and much severer indeed than the punishment for offenses of much greater magnitude, as adultery, or sexual intercourse coupled with seduction, yet we cannot say that the act providing for it is unconstitutional or void.

It is also claimed on the part of the defendant that the information does not charge a public offense; and this for the reason that it does not charge that the prosecutrix, Lottie Linden, was not the wife of the defendant. Now while it does not in terms charge any such thing, yet it does so by the clearest of implications. It charges as follows:

"That on or about the 12th day of May, 1889, in said county of Norton and state of Kansas, one Charles W. White did then and there unlawfully and feloniously commit the crime of rape, by then and there unlawfully, feloniously and carnally knowing one Lottie Linden, she, the said Lottie Linden then and there being a female under the age of eighteen years; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

Now if Lottie Linden had been the wife of the defendant Charles W. White, her name would have been White; and the intercourse charged would not have been a "crime" or "rape," nor committed "unlawfully and feloniously" as charged; and other matters are also charged which could not have been true if Lottie Linden had been the wife of the 2. Sufficient information. defendant. The charge is for constructive rape, and is stated substantially in the language of the statute, and in a prosecution for rape it was never necessary to state that the person ravished was not the wife of the defendant.

It is further claimed on the part of the defendant, that the court below erred in sustaining a demurrer by the state to a portion of the defendant's plea in abatement. The prosecution was upon an information filed by the county attorney, and the offense charged therein was and is a felony. The second paragraph of the plea in abatement reads as follows:

"Defendant says that at the date of filing the information in this cause he was not a fugitive from the justice of the state of Kansas, nor had he been at any time such fugitive. Defendant further says that no preliminary examination has ever at any time been given him in this action, nor did he at any time waive such preliminary examination."

The state demurred to this paragraph of the plea in abatement, upon the ground that it did not state facts sufficient to entitle the defendant to a hearing thereon; and the court below sustained the demurrer. It seems to be understood, however, that the demurrer was sustained only as to the first sentence of the second paragraph, but whether it was sustained only as to the first sentence of the paragraph or as to the whole of the same, we think the ruling was and is erroneous. It was necessary that the whole of the paragraph should be true in order to entitle the defendant to have the action abated. It was necessary for the abatement of the action that he should not have been a fugitive from justice, that he should not have had a preliminary examination, and that he should not have waived the same; and striking out the first sentence of the paragraph, which alleged that he was not a fugitive from justice, rendered the whole of the paragraph insufficient, and the entire plea in abatement insufficient. The striking out of the first sentence of the second paragraph of the plea was as fatal to the sufficiency of the plea as the striking out of the whole of the plea would have been. Section 69 of the criminal code, so far as it is necessary to quote it, reads as follows:

3. Plea in abatement, overruled—error.

"Sec. 69. No information shall be filed against any person for any felony until such person shall have had a preliminary examination therefor as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination: *Provided, however*, That informations may be filed without such examination against fugitives from justice, and in misdemeanor cases not cognizable before justices of the peace."

This is sufficiently clear, without further comment. For the error of the court below in sustaining the aforesaid de-

murrer, the judgment of the court below will be reversed, and the cause remanded for a new trial.

JOHNSTON, J., concurring.

HORTON, C. J.: I concur in the syllabus of the foregoing opinion, and also in the judgment to be rendered; but I do not concur in many things stated in the opinion itself.