(737 P.2d 61)

No. 59,328

STATE OF KANSAS, *Plaintiff-Appellee*, v. JOSEPH FULCHER, *Defendant-Appellant.*

 Opinion filed May 21, 1987.

*Melissa Kelly*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Jim Pringle*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PARKS, P.J., BRAZIL and DAVIS, JJ.

PARKS, J.: Defendant, Joseph Fulcher, appeals from a jury verdict finding him guilty of two counts of indecent liberties with a child. K.S.A. 1986 Supp. 21-3503.

Fulcher, a Wellington police officer, was charged with having sexual intercourse on two occasions with fourteen-year-old A.S. He became acquainted with A.S. in September 1985, while he was working as a patrol officer near the junior high school. A.S.'s mother and stepfather worked in Wichita and were gone between the hours of 9:00 p.m. and 7:45 a.m. A.S. was home alone at night and her parents, upon being introduced to Fulcher, accepted his offer to check on her during his evening patrol shift.

In early October 1985, Captain Dan Christiansen of the Wellington Police Department initiated an investigation of A.S.'s relationship with Fulcher. Captain Christiansen and other officers observed Fulcher's patrol car parked outside of A.S.'s home on numerous occasions for long periods of time.

Two Wellington police officers, Captain Harold Thatcher and Captain Scott Funderburk, interviewed A.S. on October 13, 1985. A.S. was interviewed at the police station for over three hours and she denied having any sexual contact with Fulcher. After she was allowed to leave, A.S.'s mother called the police to say that A.S. had lied. The officers interviewed A.S. twice more

and during those interviews A.S. said she had had sexual intercourse with Fulcher on two occasions. Fulcher was found guilty by a jury of two counts of indecent liberties with a child. He appeals.

Defendant's first contention on appeal is that the trial court erred in failing to instruct on aggravated sexual battery as a lesser included offense of indecent liberties with a child.

Aggravated sexual battery, K.S.A. 1986 Supp. 21-3518(1)(b), a class D felony, requires that the State prove: (1) The child is under 16 years of age; (2) the child is not the spouse of the accused; (3) defendant intentionally touched the person of the child; (4) the child did not consent to the touching; and (5) the touching was done with the intent to arouse or satisfy the sexual desires of the defendant or another.

Defendant was charged with two counts of indecent liberties with a child based on sexual intercourse, a Class C felony. K.S.A. 1986 Supp. 21-3503(1)(a). This statute requires that the State prove: (1) The child is under 16 years of age; (2) the child is not the spouse of the accused; and (3) defendant had sexual intercourse with the child.

Under K.S.A. 1986 Supp. 21-3107(2)(d), an offense is considered a lesser included offense when *all elements* necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged. Put differently, if the lesser offense requires an element to be proven that is not required of the greater offense, it is not a lesser included offense. *State v. Galloway*, 238 Kan. 415, 417, 710 P.2d 1320 (1985).

The offense of aggravated sexual battery requires the State to establish that the child did not consent to the unlawful touching. By contrast, the legislature did not include the element of consent in the indecent liberties statute. Therefore, since the offense of aggravated sexual battery requires proof of the additional element of an absence of consent, we hold that aggravated sexual battery is not a lesser included offense of indecent liberties with a child. Accordingly, the trial court did not err in failing to give an aggravated sexual battery instruction.

Defendant also contends that the evidence at trial was insufficient to support his conviction.

The scope of appellate review is whether the evidence,

viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Van Cleave*, 239 Kan. 117, Syl. ¶ 3, 716 P.2d 580 (1986).

In this case, the State established by its evidence that (1) the victim was under 16 years of age and not the spouse of the defendant; (2) defendant had intercourse with the victim; and (3) the acts of sexual intercourse took place within a week of her fourteenth birthday and two days before the police interviewed her on October 13, 1985. Thus, the essential elements are sustained.

Defendant further contends that the evidence is insufficient to support his conviction because it was not corroborated.

Although corroboration is not required (*State v. Lile*, 237 Kan. 210, 699 P.2d 456 [1985]), there is corroboration in this case. Rodney Johnson and various police officers testified to the number of times and the lateness of the hour defendant's car was seen parked near the victim's house. Additionally, a friend of the victim testified that she observed behavior between defendant and victim which was inconsistent with the testimony of defendant. Accordingly, we find no merit in this claim.

Finally, defendant contends that the victim did not protest or resist and that she admitted no threats were made in connection with the incidents charged. The crime of indecent liberties with a child does not require proof of force or threat nor is the State required to prove the lack of consent on the part of the victim. We are convinced that a rational factfinder could have found defendant guilty beyond a reasonable doubt.

Affirmed.

BRAZIL, J., concurring: I must reluctantly concur notwithstanding the problems created thereby. When I first compared indecent liberties with a child, K.S.A. 1986 Supp. 21-3503, with aggravated sexual battery, K.S.A. 1986 Supp. 21-3518(1)(b), I concluded that the two crimes were identical. This conclusion was based on the assumption that, by case law and statute, Kansas had decided that, except when married, minors under

sixteen years of age could not legally consent to sexual acts. Consequently, "lack of consent" was not, in fact, an additional element in aggravated sexual battery because consent was not legally possible in indecent liberties cases or aggravated sexual battery cases.

I further concluded that "lack of consent" must have been inadvertently added by the legislature in 1983 when in 21-3518(1)(b) it adopted by reference the definition of sexual battery contained in K.S.A. 1983 Supp. 21-3517. Since that statute deals with sexual battery involving persons over sixteen, it necessarily included lack of consent as an element of the crime.

Having concluded that indecent liberties with a child and aggravated sexual battery were identical crimes and that the only difference was that indecent liberties was a class C felony and aggravated sexual battery was a class D felony, then *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), would be controlling. In that case, the supreme court found that aggravated criminal sodomy, K.S.A. 1986 Supp. 21-3506, and indecent liberties with a child, K.S.A. 1986 Supp. 21-3503(1)(b), were identical offenses. The court held that a defendant can be sentenced only under the lesser penalty.

After further research, I find that my assumption regarding consent is in error. Our present offense of indecent liberties with a child replaces the older offense of statutory rape contained in G. S. 1949, 21-424, which provided:

"Every person who shall be convicted of rape by carnally and unlawfully knowing any female person under the age of eighteen years shall be punished by confinement and hard labor not less than one nor more than twenty-one years, and every person who shall be convicted of forcibly ravishing any female person shall be punished by confinement and hard labor not less than five years nor more than twenty-one years."

With the enactment of the new criminal code in 1969, G. S. 1949 21-424 was replaced by K.S.A. 21-3502(1) dealing with what had been forcible rape and K.S.A. 21-3503(1)(a) dealing with what had been statutory rape.

In *Wiebe v. Hudspeth*, 163 Kan. 30, 33-34, 180 P.2d 315 (1947), the supreme court considered the question of consent in connection with the crime of incest and statutory rape as follows:

"In *State v. Learned*, [73 Kan. 329, 85 Pac. 293 (1906)], the defendant made

the same argument petitioner makes here, namely that since an ingredient of the offense of incest was consent and since under our statutes a female under the age of eighteen could not give her consent to intercourse, then one could not be guilty of incest and statutory rape with the same female. The court first passed over the question of whether under our statute joint consent of both parties was necessary to constitute the crime of incest. The court then said:

" 'The inquiry then arises, Can a girl under the age of eighteen years consent to an act of sexual intercourse with one within the degrees of relationship within which marriage is incestuous and void, and thus become guilty of incest? If not, why not? There is no statutory provision or common-law rule to the contrary. Section 2016 of the General Statutes of 1901, commonly called the age-of-consent law, simply provides that "every person who shall be convicted of rape, either by carnally and unlawfully knowing any female under the age of eighteen years, or," etc. *This does not disqualify the female under eighteen years from consenting, but provides, in effect, that her consent is no defense* [emphasis added]; that notwithstanding her consent the act, on the part of the man, constitutes the crime of rape. (*The State v. Woods*, 49 Kan. 237, 30 Pac. 520; *The State v. White*, 44 Kan. 514, 520, 25 Pac. 33.) We answer the question in the affirmative. A female under the age of eighteen years may be guilty of the crime of incest.' (p. 332.)

"The case of *State v. White*, 44 Kan. 514, 25 Pac. 33, seems to have been the first prosecution for statutory rape after the statute was amended in 1887 by changing the age stated in the statute from ten years to eighteen. The author of the opinion did not like the change since the result, as he saw it, was to make rape out of a simple act of fornication when the female in the case was under eighteen. He pointed out when the law was first adopted the legislature believed a girl ten years old had capacity to give her consent to intercourse and did not have such capacity at an earlier age, but that in 1887 it would seem that the lawmakers believed the girls of Kansas at that time had no capacity to give any intelligent consent to sexual intercourse until they arrived at the age of eighteen years. This court said:

" 'In substance, however, the law-makers simply intended to punish any male person by imprisonment in the penitentiary at hard labor for a term not exceeding 21 years who might be guilty of any kind of illicit sexual intercourse with any girl under 18 years of age whether she consented or not, and whatever might be the surrounding circumstances, and although the intercourse might be pure and simple fornication.' (p. 520.)

"From the earliest times in this state the age limit stated in the statute defining statutory rape has been spoken of as the 'age of consent.' Actually, however, the word 'consent' does not appear in the statute. The real meaning of the statute is that whereas under some of the other statutes the state must prove the use of force or promise of marriage, the use of a drug or some other element, in a prosecution for a violation (G.S. 1935, 21-424), all the state has to prove is fornication and that the female was under eighteen. That construction gave us the term 'statutory rape.' The statute makes an act rape which but for its peculiar provision as to the age of the female would not be rape at all. To hold as argued

by the petitioner here would be to give G. S. 1935, 21-424, a meaning not intended by the lawmakers and not given it by any court."

Consequently, lack of consent is not an element in indecent liberties cases but it is an element in aggravated battery cases.

Notwithstanding the additional element of "lack of consent" in aggravated sexual battery, I fail to comprehend the legislative purpose of creating this crime. The crime of indecent liberties can also involve victims who have not consented. Consequently, I have been unable to think of an example of an act with a person under age sixteen constituting aggravated sexual battery that would not also constitute indecent liberties with a child.

Lack of consent implies force or intimidation and would seem to be the basis for a more serious crime; yet aggravated sexual battery is a class D felony whereas indecent liberties is a class C felony.

As I now read these two statutes, an eighteen-year-old boy sexually touching or fondling his fifteen-year-old girlfriend with her consent could be guilty of a class C felony whereas a stranger forcibly touching a victim under sixteen in a sexual manner resulting in physical and psychological harm to the victim could be charged and convicted of aggravated sexual battery, a class D felony.

Such a result is abhorrent to me.

DAVIS, J., concurring: I concur in the result.