No. 60,301

STATE OF KANSAS, *Appellee*, v. JAMES G. FIKE, *Appellant.*

(757 P.2d 724)

Opinion filed June 14, 1988.

*Steven R. Zinn*, supervising attorney, Kansas Appellate Practice Clinic, of Lawrence, argued the cause, and *John W. Leighty*, legal intern, and *Benjamin C. Wood*, chief appellate defender, of Topeka, were with him on the brief for appellant.

*Jean M. Schmidt*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Gene M. Olander*, district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: James G. Fike appeals his conviction by a jury of one count of indecent liberties with a child, K.S.A. 1987 Supp. 21-3503(1)(b), a class C felony. His conviction was affirmed by the Court of Appeals in an unpublished opinion dated October 22, 1987. We granted appellant's petition for review which alleged a conflict between recent opinions of this court and the Court of Appeals on the question of lesser included offenses.

In his appeal to the Court of Appeals, appellant asserted it was error for the trial court not to instruct the jury on the alleged lesser included offense of aggravated sexual battery, K.S.A. 1987 Supp. 21-3518(1)(b), a class D felony. In the recent case of *State v. Fulcher*, 12 Kan. App. 2d 169, 737 P.2d 61, *rev. denied* 241 Kan. 840 (1987), the Court of Appeals held that aggravated sexual battery was not a lesser included offense of indecent liberties with a child. In reliance on *Fulcher*, the Court of Appeals found no merit to appellant's argument in this case. This court, in the recent case of *State v. Hutchcraft*, 242 Kan. 55, 744 P.2d 849 (1987), held that aggravated sexual battery was a lesser included offense of indecent liberties with a child under the charge and the facts of that case. The holding in *Fulcher* was not mentioned in the *Hutchcraft* opinion.

At this point the facts need be stated only briefly. During the summer of 1985, Fike was visiting at the home of a friend, J.V., who lived with his four small children, two boys and two girls. The girls were S.V., age seven, and P.V., age six. Mr. and Mrs. V. were separated and Mrs. V. was not living with the rest of the family. S.V. testified that during the night, Fike entered the girls' bedroom, undressed, climbed in bed with P.V., and fondled her while she lay sleeping. Fike was charged and convicted of one count of indecent liberties with a child.

There are very few areas of the criminal law which have given

the appellate courts more difficulty than the problem of lesser offenses under K.S.A. 1987 Supp. 21-3107. See annotations following the statute. A lesser offense is a crime which carries a lesser penalty than the penalty for the crime charged. A class E felony is a lesser crime than felonies designated as class A through class D; a class D felony is a lesser crime than felonies designated class A through C, and so on. When a lesser crime falls within the statutory definitions of an included crime under K.S.A. 1987 Supp. 21-3107(2), it is an included crime of the crime charged. K.S.A. 1987 Supp. 21-3107 provides in part:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) a crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced. If the defendant objects to the giving of the instructions, the defendant shall be considered to have waived objection to any error in the failure to give them, and the failure shall not be a basis for reversal of the case on appeal."

Subsection (2)(d) of the statute has proved to be the most troublesome to interpret and apply. While the statute does not use the term "lesser included offense," it does refer to lesser crimes and included crimes. If a lesser crime is included in the crime charged, it is commonly referred to as a lesser included offense under 21-3107. In *State v. Adams*, 242 Kan. 20, 744 P.2d 833 (1987), Justice Allegrucci, writing for a unanimous court, made it clear that the test to apply in determining in any particular case whether a lesser included offense exists under the statutory language "a crime necessarily proved if the crime charged were proved" requires a twofold or two-pronged approach. Unfortunately, many of the appellate decisions have failed to recognize the two-step analysis. The writer of this opinion fell into the same trap, in discussing the predecessors to the statutes now before the court, in the dissent in *State v. Ramos*, 240 Kan. 485, 490, 731 P.2d 837 (1987).

The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. This approach is ordinarily fairly straightforward, and requires a jury instruction on a particular lesser offense whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged. For example, where the crime charged is aggravated burglary, the crime of burglary is clearly a lesser included offense, because every one of the statutory elements of burglary must of necessity be proved in establishing the elements of aggravated burglary.

The result of the first step of the analysis, however, is not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This approach requires the trial court to carefully examine the allegations of the indictment, complaint, or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an "included crime" under the definition in 21-3107(2)(d).

*Adams* is a prime example of the application of the second prong of the test. Adams was charged with involuntary manslaughter (K.S.A. 1987 Supp. 21-3404) based upon allegations in the complaint that he was driving under the influence of alcohol, a misdemeanor. Involuntary manslaughter under the statute provides, *inter alia*, that "involuntary manslaughter is the unlawful killing of a human being, without malice, which is done unintentionally in the wanton commission of an unlawful act not amounting to felony." In *Adams*, the unlawful act was driving under the influence. Obviously, the statutory elements of involuntary manslaughter and driving under the influence are different and it is not always necessary to prove the crime of driving under the influence to prove the crime of involuntary manslaughter. Those two crimes do not meet the statutory elements

approach. However, in *Adams*, the misdemeanor violation of driving under the influence that was included in the complaint as the basis for the involuntary manslaughter charge was a lesser included offense under the second approach. In order to prove the crime charged, driving under the influence had to be proved and therefore was "necessarily proved if the crime charged were proved."

Much of the confusion that has arisen in the application of K.S.A. 1987 Supp. 21-3107(2) may be traced to opinions which have referred to the "identity of the elements test" without recognizing that the statute in some cases may require more than simply an analysis of the statutory elements. The first step in the analysis relies solely on the *statutory* elements of the crime charged and the statutory elements of the crime which is asserted to be a lesser included crime. If the statutory elements of the two crimes do not meet the statutory elements analysis then the facts as alleged in the charging document *and* the facts which must be proven at trial must be considered.

We now turn to the present case and the question of whether aggravated sexual battery under K.S.A. 1987 Supp. 21-3518(1)(b) is a lesser included crime of indecent liberties with a child under K.S.A. 1987 Supp. 21-3503(1)(b), which provides:

"(1) Indecent liberties with a child is engaging in any of the following acts with a child who is not married to the offender and who is under 16 years of age:

. . . .

(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both."

Aggravated sexual battery is defined by K.S.A. 1987 Supp. 21-3518(1)(b):

"(1) Aggravated sexual battery is:

. . . .

(b) sexual battery, as defined in K.S.A. 1983 Supp. 21-3517 and amendments thereto, against a person under 16 years of age."

K.S.A. 1987 Supp. 21-3517 provides:

"(1) Sexual battery is the unlawful, intentional touching of the person of another who is not the spouse of the offender and who does not consent thereto, with the intent to arouse or satisfy the sexual desires of the offender or another."

The Court of Appeals in *Fulcher* held that aggravated sexual

battery is not a lesser included offense of indecent liberties with a child in that aggravated sexual battery as defined in 21-3518(1)(b) requires proof that the victim did not consent, while indecent liberties with a child is solely dependent upon the child being under age 16; whether the child consents to the sexual activity is not an issue.

In *Fulcher*, Judge Parks, in the principal opinion, explained the application of the *statutory* elements approach to the two crimes as follows:

"Defendant's first contention on appeal is that the trial court erred in failing to instruct on aggravated sexual battery as a lesser included offense of indecent liberties with a child.

"Aggravated sexual battery, K.S.A. 1986 Supp. 21-3518(1)(b), a Class D felony, requires that the State prove: (1) The child is under 16 years of age; (2) the child is not the spouse of the accused; (3) defendant intentionally touched the person of the child; (4) the child did not consent to the touching; and (5) the touching was done with the intent to arouse or satisfy the sexual desires of the defendant or another.

"Defendant was charged with two counts of indecent liberties with a child based on sexual intercourse, a Class C felony, K.S.A. 1986 Supp. 21-3503(1)(a). This statute requires that the State prove: (1) The child is under 16 years of age; (2) the child is not the spouse of the accused; and (3) defendant had sexual intercourse with the child.

"Under K.S.A. 1986 Supp. 21-3107(2)(d), an offense is considered a lesser included offense when *all elements* necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged. Put differently, if the lesser offense requires an element to be proven that is not required of the greater offense, it is not a lesser included offense. *State v. Galloway*, 238 Kan. 415, 417, 710 P.2d 1320 (1985).

"The offense of aggravated sexual battery requires the State to establish that the child did not consent to the unlawful touching. By contrast, the legislature did not include the element of consent in the indecent liberties statute. Therefore, since the offense of aggravated sexual battery requires proof of the additional element of an absence of consent, we hold that aggravated sexual battery is not a lesser included offense of indecent liberties with a child. Accordingly, the trial court did not err in failing to give an aggravated sexual battery instruction." 12 Kan. App. 2d at 170.

As an example of the statutory elements approach applied in *Fulcher*, assume that an 18-year-old person was involved in sexual activity with a fully consenting 15-year-old. If the activity of the two consenting parties met the prohibited conduct of aggravated sexual battery but did not rise to the level of the conduct prohibited by indecent liberties with a child, no crime

has been committed under either statute. To be a crime under the aggravated sexual battery statute, the State would have to prove an actual lack of consent by the 15-year-old. On the other hand, if the conduct did rise to the level prohibited by the indecent liberties statute, that crime has been committed even though the 15-year-old consented thereto and even if that person were the instigator and active party to the activity. Age would be the determining factor and, as actual consent was present, the 18-year-old could not be convicted of the lesser offense of aggravated sexual battery. Judge Brazil, in his concurring opinion in *Fulcher*, carefully analyzed the distinction between actual consent and what has popularly been referred to as the "age of consent." *Fulcher* addressed only the *statutory* elements of the two crimes and we agree with both the principal and concurring opinions in that case as to the application of the statutory elements prong of the test.

In *Hutchcraft*, we held, under the facts of that case, that aggravated sexual battery was a lesser included offense of indecent liberties with a child. Unfortunately, some of the language in *Hutchcraft*, a unanimous opinion of this court, confuses the two approaches to the determination of lesser included offenses.

In *Hutchcraft*, the court erroneously concluded that the absence of consent element of aggravated sexual battery is automatically established by proof that the victim is under age 16 and is not married to the offender, both of which must be established to obtain a conviction of indecent liberties with a child. The court concluded that aggravated sexual battery is therefore a lesser included offense of indecent liberties with a child stating it was impossible for the State to prove the charge of indecent liberties with a child, as charged in the information, without simultaneously proving the offense of aggravated sexual battery, as defined by 21-3518(1)(b). 242 Kan. at 61. The court reasoned that the "age of consent" is fixed at 16 years of age by 21-3503, the statute that defines the offense of indecent liberties with a child. 242 Kan. at 61. The court confused the lack of *actual* consent required by one statute with the under 16 years of age language of the other statute. There was no legal basis for *Hutchcraft's* equating under age 16 with actual absence of consent. However, the court then went on to point out that,

"under *the charge and the evidence* in this case, proof of the elements of indecent liberties with a child was proof of the elements of the offense of aggravated sexual battery. 'Lewd fondling,' an alternate element required to be proved under the indecent liberties statute, would certainly include 'unlawful, intentional touching,' as required under the aggravated sexual battery statute." 242 Kan. at 61. (Emphasis added.)

Thus, the language of the opinion appears to commingle the two prongs of the test.

*Hutchcraft* is also overly broad in its holding that "[t]he 'age of consent' in Kansas is fixed by statute at sixteen years. A person under that age cannot legally consent to sexual acts." 242 Kan. 55, Syl. ¶ 2. Our review of the criminal statutes finds no statutory authority for this broad statement. Historically, as pointed out by Judge Brazil in his concurring opinion in *Fulcher*, 12 Kan. App. 2d at 171, the term "age of consent" applied to the crime of statutory rape and referred to the statutory age below which a female could not give her consent to sexual intercourse. Thus, under the statutory rape statute, sexual intercourse with a female under the proscribed age was rape regardless of the actual consent of the female partner. In addition, the elements of force, fear, compulsion, etc., were not required.

Under the present sexual crimes statutes, most of which are found at K.S.A. 1987 Supp. 21-3501 *et seq.*, we have a variety of statutes defining sexual crimes wherein many set a statutory age below which the crime is committed regardless of the actual consent of the underage party. While it is true that most of the statutes which refer to children set the statutory age at 16, some set a different statutory age. See K.S.A. 1987 Supp. 21-3519 (promoting sexual performance by a minor—age 18); K.S.A. 1987 Supp. 21-3603 (aggravated incest—age 18). Thus, there is no one age which can be referred to as the "age of consent" for all sexual crimes. The statute now before us, aggravated sexual battery, not only requires that the alleged victim be below the age of 16, but also that there must be an actual lack of consent by the victim. If the legislature had not meant to require an actual lack of consent there would have been no reason to include it in the statute. That is not to say that in every case of aggravated sexual battery there must be an actual, knowing lack of consent to the sexual acts involved. Obviously, a child of tender years or mentally inca-

pacitated, for example, lacks the legal capacity as a matter of law to give actual consent. However, that is not to say that for the purposes of this statute every child under 16 is legally incapable of giving consent. To so hold would make the statutory language "who does not consent thereto" meaningless.

We conclude that under the statutory elements approach, aggravated sexual battery under K.S.A. 1987 Supp. 21-3518(1)(b) is not a lesser included offense of indecent liberties with a child under K.S.A. 1987 Supp. 21-3503(1)(b).

We also conclude the statute does not meet the second prong of the test. In the case at bar, the complaint stated in pertinent part that the defendant did "engage in lewd fondling or touching with a child under the age of sixteen, to-wit: [P.V.], date of birth 7-30-79, who was not married to James G. Fike, with the intent to arouse or satisfy James G. Fike's sexual desires." For the crime charged, indecent liberties with a child, age is the controlling factor, not whether the victim did or did not actually consent. The factual allegations of the complaint did not require evidence to be adduced at trial which would necessarily prove the lesser crime and do not meet the second prong of the test for aggravated sexual battery to be a lesser included offense of the crime charged. Even if the complaint specifically alleged that the acts asserted were done without the consent of P.V., the lesser crime would not be a lesser included crime as it would not be necessary to prove the lack of consent to prove the crime charged. This case is different from *Adams* where the lesser offense had to be "necessarily proved" in order to prove the crime charged. We conclude the court did not err in failing to give an instruction on aggravated sexual battery. We now hold that aggravated sexual battery as defined in K.S.A. 1987 Supp. 21-3518(1)(b) is not a lesser included offense of indecent liberties with a child as defined by K.S.A. 1987 Supp. 21-3503(1)(b).

To the extent that certain portions of the syllabus and opinion in *Hutchcraft* are inconsistent with this opinion, they are overruled.

The only other issue raised before the Court of Appeals was the sufficiency of the evidence. This issue was not asserted in the petition for review but we have reviewed the record and agree with the Court of Appeals that under the evidence pre-

sented to the jury a rational factfinder could have found Fike guilty beyond a reasonable doubt.

The decision of the Court of Appeals and the judgment of the district court are affirmed.

HERD, J., concurring and dissenting: I concur with the majority's test for lesser included offenses but dissent from the portions of the majority opinion referring to K.S.A. 1987 Supp. 21-3517 and -3518 indicating a child below the age of 16 can consent to sexual conduct and eliminate its criminality. I am sure we would not say a child could consent to child abuse and absolve the abuser of criminal conduct. Aggravated sexual battery is child abuse of the worst kind.

We do not allow a child under the age of 16 to decide he is ready to buy liquor or cigarettes, to drive on an unrestricted license, to quit school, to run away from home, to engage in work dangerous to his morals or welfare, or even to donate blood or execute an anatomical gift. We do not allow a child under 16 to be prosecuted as an adult, nor do we allow a child to bring a civil suit except through a guardian. Even then, the guardian may not settle the lawsuit without court approval.

A child is not allowed to make decisions in these things, among many others, because we realize a child lacks the knowledge and understanding to give consent. Consent must be both voluntarily and knowingly given. Thus, a child under the age of 16 is not deemed capable of giving consent to sexual activity. This is made clear by many acts of the legislature. K.S.A. 1987 Supp. 38-1502(a)(3) defines a child who has been sexually abused as a "child in need of care." "Sexual abuse" is defined as "*any* act committed with a child *which is described in Article 35,* chapter 21 of the Kansas Statutes Annotated." K.S.A. 1987 Supp. 38-1502(c). Although the age given by the legislature in its protective statutes varies from 18 to 16, it is clearly intended that no consent may be deemed to be given when the child is under the age of 16. This is evidenced in part by K.S.A. 1987 Supp. 21-3503(1)(b).

The majority errs in stating no crime would be committed under either K.S.A. 1987 Supp. 21-3503 or K.S.A. 1987 Supp. 21-3518 if a child under 16 "consented" to sexual activity which

"met the prohibited conduct of aggravated sexual battery but did not rise to the level of the conduct prohibited by indecent liberties with a child." K.S.A. 1987 Supp. 21-3518 requires the use of force in touching to gratify sexual desire, whereas K.S.A. 1987 Supp. 21-3503 simply prohibits touching to gratify sexual desire. There is no conduct prohibited by K.S.A. 1987 Supp. 21-3518 which would not also be prohibited by K.S.A. 1987 Supp. 21-3503.

Thus, the lack of consent requirement for conduct prohibited by K.S.A. 1987 Supp. 21-3518(1)(b) is clearly contradictory to K.S.A. 1987 Supp. 21-3503. That the requirement is merely an oversight is evidenced by the intent, shown throughout the statutory code of Kansas, to protect children from their vulnerability. A child below the age of 16 is legally incapable of giving consent to sexual conduct because of lack of knowledge and understanding.