(836 P.2d 11)
No. 66,429

STATE OF KANSAS, *Appellee*, v. MURYEL JOSENBERGER, *Appellant*.

Opinion filed June 26, 1992.

*Lucille Marino*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Christopher L. Schneider*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before DAVIS, P.J., LEWIS, J., and MARVIN W. MEYER, J. Retired, assigned.

DAVIS, J.: This is a direct criminal appeal from conviction of the sale of marijuana in violation of K.S.A. 1991 Supp. 65-4127b. The defendant, Muryel Josenberger, contends that his conviction subjected him to double jeopardy. He further claims that the trial court erred in failing to instruct on a lesser included offense and failing to instruct on the defenses of mistake of fact and compulsion. He also claims that the court erred by excluding evidence relevant to his main defense. Finding no reversible error, we affirm.

Officer John Cheek, an undercover narcotics officer, arranged for Officer Mike Kill, another undercover narcotics officer, to purchase five pounds of marijuana from Charles Slaughter at the Kaw Valley Inn Motel in Kansas City, Kansas. Slaughter's room at the motel was located within 1,000 feet of the L.M. Alcott High School. According to Officer Cheek, defendant was present in the motel room when the buy was arranged.

The day after making the above arrangement, the officers went to the motel and met with Charles Slaughter. As the officers entered the motel room, Slaughter asked two or three men already in the room, including defendant, to leave the room. Officer Kill, Officer Cheek, and Slaughter negotiated the purchase of five pounds of marijuana for $2,000.

Slaughter then said he would have the black man go get the marijuana and asked the officers to wait in the room. Slaughter left the room, closing the door behind him, and returned in a few minutes. Officer Sylvia Callahan was conducting surveillance and observed a black male leave the motel building, return a short time later carrying a brown trash sack, and enter Slaughter's motel room.

According to Officer Kill, defendant came into the motel room a few minutes after Slaughter returned, carrying a brown plastic trash sack that contained a very large amount of green vegetation that was later identified as marijuana. Defendant gave the sack to Slaughter, who invited Officer Kill to check the contents. The defendant and Officer Kill discussed different methods of drying the marijuana. Officer Kill then gave Slaughter the $2,000. According to Officer Kill, Slaughter and defendant began counting the money. Slaughter and defendant were then arrested.

At the preliminary hearing, the information was orally amended and an amended information was filed charging defendant with the sale of marijuana within 1,000 feet of a school (K.S.A. 1991 Supp. 65-4127b[e]), a class B felony.

The defendant testified that he had just arrived in town and met Slaughter for the first time on the morning of the day the sale took place. Slaughter invited him to return that evening to drink and party.

The defendant stated that he returned to the motel shortly before 9:00 p.m. He and two other men were asked by Slaughter to leave the room when the undercover police officers arrived. According to defendant, Slaughter came out a few minutes later, pulled him aside, and asked him to do a favor. Slaughter asked defendant to go downstairs to the dumpster and pick up a brown trash bag with a knot tied on top of it. The defendant retrieved the bag and returned to the motel room. He then went to the bathroom and only upon his return observed the marijuana. The

defendant testified that he did not know what was going on or what was in the bag until that moment.

According to defendant, he did not leave because he had seen the marijuana and the money and was afraid for his life if he tried to just walk out of the room after witnessing the drug deal. He denied helping count the money and denied being present at the motel room the day before when Officer Cheek made a purchase from Slaughter and arranged the buy for the next day. He also denied seeing any marijuana in an open box in the bathroom or in the wastebasket in the bedroom although Officer Dennis Ware had testified that marijuana was found in both locations and was plainly visible.

Slaughter was unavailable to testify at defendant's trial. The trial court allowed James Uhlig, Slaughter's attorney, to testify that Slaughter told him in defendant's presence that defendant did not have anything to do with the sale of the marijuana.

At the close of all the evidence, the defendant moved for a directed verdict, and the trial court found that there was no evidence to show that Alcott School was school property as defined by statute. The trial court then submitted the case to the jury on the offense of the sale of marijuana.

## Double Jeopardy

The defendant was charged with the sale of marijuana within 1,000 feet of school property in violation of K.S.A. 1991 Supp. 65-4127b(e), a class B felony. At the close of all the evidence, defendant moved for "a dismissal or actually a directed verdict." The trial court concluded that there was no evidence that the sale took place within 1,000 feet of school property. The court posed the question, "Am I required to dismiss the case or am I allowed to instruct on what would have been the lesser included charge had I not dismissed it?" After argument by counsel, the court instructed the jury on what it concluded was the lesser included offense of sale of marijuana, K.S.A. 65-4127b(a), a class C felony.

The question of whether further prosecution of the defendant under the unique circumstances of this case subjected defendant to double jeopardy in violation of the Fifth Amendment to the United States Constitution and Section 10 of the Kansas Bill of

Rights is one of first impression in this state. Federal authority exists for continuing prosecution, and it serves our purpose to quote at length from the case of *United States v. LoRusso,* 695 F.2d 45 (2d Cir. 1982), *cert. denied* 460 U.S. 1070 (1983), because it addresses the double jeopardy question in an almost identical factual setting.

In *LoRusso,* defendant was charged with possession with intent to distribute heroin and with conspiracy to distribute and possess with intent to distribute heroin. At the close of the government's case, defendant moved pursuant to Fed. R. Crim. Proc. 29(a) for a judgment of acquittal on the charge of possession with intent to distribute heroin. The trial court found that the evidence was insufficient concerning the proof of intent to distribute and granted defendant's motion. Over defendant's objection, the trial court submitted to the jury the charge of simple possession as a lesser included offense of possession with intent to distribute.

The *LoRusso* court first dealt with the authority of the trial judge to submit a reduced charge to the jury:

"The decision of the district court to submit the reduced count 2 to the jury was well within the court's authority. Fed. R. Crim. P. 31(c) provides that '[t]he defendant may be found guilty of an offense necessarily included in the offense charged . . . ,' *i.e.,* a lesser-included offense. The trial judge may implement Rule 31(c) in a number of ways. He may instruct the jury that it may find the defendant guilty of either the greater or the lesser-included offense. [Citation omitted.] If the jury returns a verdict of guilty on the greater offense, the judge may enter a judgment of guilty on the lesser offense alone. [Citations omitted.] Or, prior to submitting the case to the jury, the trial judge may decide to give effect to the provisions of both Rule 31(c) and Rule 29(a) [citation omitted], and submit to the jury only the lesser offense if he has determined that the evidence is insufficient to establish beyond a reasonable doubt that element of the greater offense which is not an element of the lesser offense. [Citation omitted.] The last described method was that adopted here.

". . . A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment, whether they be oral, [citation omitted] . . . or written, [citations omitted] . . . ."

The court concluded:

"[T]he action of the trial court herein promptly deciding to submit a reduced count 2 to the jury, thereby modifying its oral decision to dismiss count 2 entirely, was well within the court's authority and was properly designed

to ensure the just determination of the charges brought against these defendants." 695 F.2d at 52-53.

In the trial of a criminal case, a Kansas trial judge possesses these same powers. The trial court may without question submit to the jury only the lesser offense if it has determined that the evidence is insufficient to establish beyond a reasonable doubt that element of the greater offense which is not an element of the lesser offense. See K.S.A. 21-3107. The more important question is whether the submission under the circumstances of this case subjected the defendant to double jeopardy.

Under almost identical facts, *LoRusso* concludes that there is no double jeopardy violation.

"Normally a judgment of acquittal of a charge, entered prior to verdict on the ground that the evidence was insufficient, would terminate the prosecution on that charge and bar retrial of the defendant on that, or any lesser-included, charge. Where no judgment has been entered, however, and there has been no dismissal of the jury (nor any indication to the jury of a ruling that could prejudice the defendant on such counts as are eventually submitted), there appears to be no constitutional impediment to the court's modification of its oral decision to dismiss the original count.

"We do not suggest that entry of a judgment pursuant to Rule 32(b)(1) is a prerequisite to the termination of the prosecution for double jeopardy purposes. '[A] verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offense.' [Citation omitted.] And had the jury been dismissed following the court's oral decision, the absence of a judgment would have been irrelevant to the constitutional issue. Rather, we advert to the absence of a judgment merely to emphasize the inchoate nature of the oral decision seized on by the defendants. [Citation omitted.] . . . . In the circumstances of this case, where the court's oral decision was followed promptly by the modification providing for the reduction instead of the elimination of count 2, and where the reduced count could be, and was, submitted in the normal course of the trial to the original jury, we conclude that the action of the trial court did not violate principles of double jeopardy." 695 F.2d at 54.

In response to defendant's motion for acquittal, the trial court in this case found that there was no evidence that the school was school property as defined by statute (K.S.A. 1991 Supp. 65-4127b[e]). Not unlike *LoRusso*, the trial court, in consideration of the State's argument that the sale of marijuana was a lesser included offense of sale within 1,000 feet of a school and that the jury could be instructed on the lesser included offense, elected to so instruct the jury.

The defendant correctly argues that the court's action was tantamount to an acquittal. Where the trial court clearly states that the basis of its "dismissal" is a lack of evidence to support the charge, its action constitutes an acquittal of the charge even though it is not stated in those precise terms. *State v. Lowe*, 238 Kan. 755, 760, 715 P.2d 404 (1986), *overruled on other grounds* 242 Kan. 64, 744 P.2d 856 (1987). See *State v. Rodgers*, 225 Kan. 242, 243, 589 P.2d 981 (1979); *State v. Whorton*, 225 Kan. 251, 255, 589 P.2d 610 (1979); *State v. Thomas*, 12 Kan. App. 2d 743, 755 P.2d 562, *rev. denied* 243 Kan. 781 (1988).

Under the circumstances of this case, not unlike *LoRusso*, the trial court's finding that there was insufficient evidence on one of the elements of the crime charged was promptly followed by its submission of the lesser included offense to the jury for its consideration. The court's action was within its authority and amounted to an oral modification of the acquittal finding of insufficient evidence and submission of the lesser charge to the jury. Not unlike *LoRusso*, the trial court found insufficient evidence concerning the school element and then promptly modified its decision providing for a reduction by informing counsel it intended to submit the lesser included charge of sale of marijuana to the jury. This charge was submitted in the normal course of the trial to the original jury. The action of the trial court in submitting the lesser offense of sale to the jury was within its authority and did not violate the principles of double jeopardy.

The defendant argues that the added factor of "within 1,000 feet of the school" has only to do with enhancement of sentence and is not an element of the offense. Thus, according to his argument, acquittal of sale of marijuana within 1,000 feet is acquittal of the sale of marijuana. His contention is without merit. Each offense is set forth in different sections of the same statute. In order to be convicted of the class B felony, the jury must necessarily conclude by evidence beyond a reasonable doubt that the sale took place within 1,000 feet of a school. This is necessarily an element of the class B felony and is a separate crime from the sale of marijuana, a class C felony. Yet, sale of marijuana within 1,000 feet of a school contains all the elements of sale of marijuana plus the added element that the sale took place within 1,000 feet of the school. The offense of sale fits the classic def-

inition of a lesser included offense of sale within 1,000 feet of a school. See *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988).

### Lesser Included Offense Instruction

The defendant contends that the trial court was duty-bound to instruct on simple possession of marijuana as a lesser included offense of sale of marijuana. According to the defendant, *Fike* overrules prior Kansas law that possession is not a lesser included offense of sale. .

*Fike* provides for a two-prong test in determining whether a lesser crime is a lesser included crime under K.S.A. 21-3107(2)(d). The first prong has to do with a comparison of elements and concludes that "whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged," then the lesser crime is a lesser included crime. 243 Kan. at 368. Under this first prong, defendant acknowledges that possession of marijuana is not a lesser included offense of sale of marijuana. It has long been settled in Kansas that possession of marijuana is not a lesser included offense of the sale of marijuana. *State v. Woods*, 214 Kan. 739, Syl. ¶ 3, 522 P.2d 967 (1974), *disapproved in part* 224 Kan. 66, 74, 579 P.2d 132 (1978).

The defendant contends that Kansas law has been overruled by application of the second prong of *Fike*, which provides that "[i]f the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an 'included crime' under the definition in 21-3107(2)(d)." 243 Kan. at 368.

The defendant's argument is based upon his contention that the only way for the State to prove that he aided and abetted in the sale of marijuana was to establish that he retrieved the bag knowing its contents and knowing that it was to be sold. Thus, according to his argument, under *Fike*, proving the crime of sale would necessarily prove the lesser crime of possession.

This argument ignores the evidence presented at trial. According to the State's witnesses, the defendant was present the day before the sale took place at the time when arrangements

for the sale were made; immediately after the transfer of the marijuana, the defendant suggested a method of drying the marijuana; and he then helped count the money received from the sale. Under the second prong of *Fike*, neither the factual allegations in the charging document allege a lesser crime of possession nor did the State necessarily have to prove the crime of possession in proving sale. The above analysis supports our conclusion that possession of marijuana is not a lesser included crime of the sale of marijuana.

Equally important in our conclusion that no lesser included instruction was required is the fact that the evidence did not warrant giving such an instruction. The State's theory was that defendant and Slaughter were cooperating in the sale. According to the State's evidence, the defendant and Slaughter met with the undercover officer and arranged a sale for the next day. According to plan, the undercover officer arrived the next day and negotiated the sale with Slaughter. When a deal was reached, Slaughter sent defendant to get the marijuana. The defendant returned with the marijuana, suggested methods of drying the marijuana, and helped Slaughter count the money received from the sale.

The defendant's theory was that he had no knowledge of the sale until it was consummated. According to his testimony, he was at the motel to party; he retrieved the marijuana as a favor to Slaughter without knowing the contents of the bag; and he did not have any knowledge of the presence of marijuana until just before his arrest.

According to the evidence, the defendant was either guilty of sale or he was not guilty. Evidence is lacking to support a conviction of possession because, according to defendant, he did not have the intent to possess. Under these circumstances, the trial court was under no obligation to instruct the jury on simple possession of marijuana.

### Admission of Defense Evidence

The defendant argues that the trial court's refusal to allow Rucker, a jailhouse acquaintance of Slaughter, to testify concerning exculpatory statements made by Slaughter to Rucker was reversible error. We agree with the defendant that the trial court

erred in excluding the exculpatory statements but we do not believe such exclusion amounts to reversible error.

The foundation requirements for admissibility of this evidence were present. Slaughter was unavailable and his statements were declarations against interest. See K.S.A. 1991 Supp. 60-460(j). In addition, it appears that a sufficient showing of trustworthiness of the declarant had been made. *State v. Jones*, 246 Kan. 214, 219, 787 P.2d 726 (1990).

Rucker was in jail at the same time as Slaughter. Rucker, Slaughter, and a couple of other inmates were talking about their cases when Slaughter stated that the marijuana was his, that defendant did not know about the marijuana, and that Slaughter was going to get defendant's charges dropped. The defendant was not present during this conversation. Even though Rucker did not know Slaughter or defendant before meeting them in jail, Rucker testified that Slaughter thought Rucker was his friend. Rucker was not offered anything for his testimony and no one told him what to say in his testimony. In denying admission, the trial court stated the testimony was not clear enough because saying one is going to get charges against a person dropped does not mean that person is not involved.

While this presents a close question because it amounts to exclusion of direct testimony that Slaughter said defendant did not know about the marijuana, the evidence excluded was admitted through another witness. The trial court allowed Salughter's attorney, James Uhlig, to testify that Slaughter told him in the defendant's presence that the defendant did not have anything to do with the sale of the marijuana. Also, the defendant testified that he had no knowledge of the marijuana. Since the same testimony that was erroneously excluded was admitted for the jury consideration through a witness other than the defendant, we are able to conclude that the error was harmless beyond a reasonable doubt. See *State v. Bell*, 239 Kan. 229, 235, 718 P.2d 628 (1986).

### Mistake of Fact Instruction

The defendant requested an instruction on mistake of fact, arguing that he did not know the contents of the bag he was carrying. The trial court denied the proposed instruction, holding

that the jury would be instructed that in order to find the defendant guilty, it would have to find that the defendant intentionally sold the marijuana.

While the defendant is entitled to an instruction on the theory of his defense if there is evidence to support the instruction (*State v. Hunter*, 241 Kan. 629, 646, 740 P.2d 559 [1987]), the instruction requested should not be given if it misleads the jury. The defendant's request for this instruction is premised on his contention that the "physical transport of the trash bag to the room upon Mr. Slaughter's request formed the only basis for the State to also charge him with the sale of marijuana." If, as defendant suggests, the only evidence of aiding and abetting the sale was defendant's retrieving the marijuana, then the defendant's claim that he did not know the contents of the bag might very well require the trial court to instruct on mistake of fact. However, as noted above, the State's evidence shows that defendant was present the day before the sale, making arrangements for the sale; that the defendant immediately after the sale suggested methods of drying the marijuana; and that the defendant after the sale helped Slaughter count the money from the sale.

Under the above circumstances, a mistake of fact instruction that the defendant's lack of knowledge of the contents of the bag may negate the mental state which the statute requires as an element of the crime would have been misleading. Instead, the court chose to instruct the jury that in order to find the defendant guilty, it would have to find that he intentionally sold the marijuana. Because the defendant's guilt was not wholly dependant upon his knowledge of the contents in the bag, a mistake of fact instruction would be misleading. The instruction given insured that if the defendant's testimony was believed, the jury would necessarily have to conclude he was not guilty.

## Compulsion Instruction

The defendant contends that the trial court committed reversible error by refusing to instruct on the compulsion defense because there was some evidence supporting his reason for not leaving upon discovering the contents of the bag. A close review of the evidence suggests that such an instruction would have been misleading for the jury. According to the defendant's testimony,

he witnessed the drug sale and was then afraid to leave. By his own testimony, he was not coerced into participating in the sale but was simply a bystander. It was only after the crime had been completed that defendant became afraid. The defense of compulsion was, according to the defendant's testimony, not applicable.

Affirmed.