No. 56,640

STATE OF KANSAS, *Appellee*, v. ROBERT G. LILE, *Appellant*.

(699 P.2d 456)

Opinion filed May 10, 1985.

*William F. Dunn*, of Prairie Village, argued the cause and was on the brief for appellant.

*Dennis W. Moore*, district attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from jury convictions of aggravated kidnapping (K.S.A. 21-3421), rape (K.S.A. 21-3502), and aggravated sodomy (K.S.A. 21-3506). This case arose out of a sexual attack which occurred on September 21, 1982, in Johnson County.

The victim, a high school student, testified that she was forcibly raped by the defendant, Robert G. Lile, after being threatened with a gun. The defendant admitted that he had sexual relations with the victim but claimed that it was consensual. The facts in the case were disputed and essentially are as follows: Ms. D testified that on the afternoon of September 21, 1982, she was on her way home from school, when she saw a large white car stopped with the hood up. A man flagged her down for help. He asked her to help him pump the car's brakes and, at his directions, she did so. According to the victim, the defendant then came to the door and told her to slide over. He pulled a small black gun from his belt, pointed it at her, and ordered her to lock her door. She testified that she was afraid that he would shoot her with the gun. The man identified as the defendant then forced her to commit oral sodomy. After a few minutes, he drove her to a field off the beaten path and told her to take off her clothes, and they then had intercourse. The victim testified that she had never met the defendant before that day. Following the sexual intercourse, the defendant returned her to her car. The victim immediately drove to her school, crying and upset, and reported the incident. The police were notified. The defendant was subsequently arrested and charged.

The theory of the defense, as previously noted, was consent. The defendant testified that he had met the young woman a couple of days prior to September 21, 1982. He had a conversation with her, and they made plans to meet again at the same park the next day. According to defendant, that meeting took place. Defendant testified that on September 21, 1982, he had been looking for employment in Kansas, when his car developed trouble with the brakes. At that point, the young woman arrived at the scene and they talked. He asked if she wanted to go and get a Coke and she said, "Yes" and they proceeded to do so. Defendant testified that, while they were in his car, she made sexual advances toward him. They then drove to the field and had intercourse. Defendant denied any threats or force and denied that any oral sex took place. This conflicting evidence was presented to the jury who chose to believe the victim rather than the defendant and found the defendant guilty on all three charges. The defendant appealed to this court.

The defendant raises six issues on the appeal. We will consider his first and fourth points together since they both involve the sufficiency of the evidence to prove rape and aggravated sodomy. As both parties note in their briefs, the standard of review on appeal is whether the evidence viewed in the light most favorable to the prosecution convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Cantrell*, 234 Kan. 426, 429, 673 P.2d 1147 (1983). There may be a conviction for rape on the uncorroborated testimony of the prosecutrix, if it is believed by the jury. *State v. Sanders*, 227 Kan. 892, 610 P.2d 633 (1980). The defendant relies on the court's holding in *State v. Matlock*, 233 Kan. 1, 660 P.2d 945 (1983), where this court held the uncontradicted facts cast so much doubt upon the credibility of the prosecutrix that no rational factfinder could have believed her testimony and found defendant guilty beyond a reasonable doubt.

We have considered the evidentiary record before us, and concluded that the evidence was sufficient to sustain a verdict of guilty on both the rape charge and the aggravated sodomy charge. The victim testified without equivocation that she was forced to have sexual intercourse and oral sex with the defendant. She testified that the defendant threatened her with what

she thought was a real gun, which was later identified as a starter's pistol after it was taken from the defendant's person on his arrest. Immediately after she was released by the defendant, she drove to her school and reported that she had been sexually assaulted. The police were promptly notified. We have no hesitancy in holding that, considering the entire evidentiary record in the light most favorable to the prosecution, there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt of rape and aggravated sodomy.

As his next point, the defendant attacks the constitutionality of the rape statute (K.S.A. 21-3502) on the basis that the statute is vague and overbroad. The defendant maintains that the recent decision of *State v. Cantrell*, 234 Kan. 426, abrogated the necessity of any criminal intent on the part of the defendant as an element of the crime of rape and focused only on the victim's intent. The defendant argues that it is not always possible to determine a potential sex partner's state of mind and, therefore, the statute as presently construed fails to give a person of ordinary intelligence fair notice his contemplated conduct is forbidden by statute.

In *Cantrell*, this court discussed intent as a necessary element of the crime of rape and held that, although the defendant must have a general intent to commit the prohibited act as required by K.S.A. 21-3201, there is no requirement that there be a *specific intent* to commit rape. Thus, the court held that rape is not a specific intent crime. In *Cantrell*, it was argued that the rape statute is unconstitutionally vague. We rejected that argument and upheld the constitutionality of the statute. The statute under which the defendant was convicted in this case is the same rape statute upheld in *Cantrell*. We hold that the rape statute (K.S.A. 21-3502) is not unconstitutionally vague.

The defendant also contends that the rape statute violates his right to due process of law because it is unconstitutionally overbroad. He maintains that sexual relations between consenting adults is one of the personal liberties protected by the Constitution, and that defendant's individual freedoms are being unconstitutionally invaded if a man with no criminal intent can engage in what he perceives to be consensual intercourse but what in fact may be rape because of an undisclosed fear on the part of his sex partner. The defendant's argument fails in two

respects: First, the argument is premised on an incorrect assumption. The rape statute is not intended to apply to sexual relations between consenting adults. Second, the rape statute does not apply to one who acts without criminal intent, because the statute requires the general criminal intent specified in K.S.A. 21-3201. We hold that K.S.A. 21-3502 is not unconstitutionally vague or overbroad.

The defendant's next point is that the judicial construction of the Kansas rape statute set forth in *State v. Cantrell* creates an *ex post facto* law. The defendant argues that *Cantrell* changes the nature of the Kansas rape law by removing the element of criminal intent. Defendant argues that the same conduct permissible before *Cantrell* was made illegal by the judicial construction of the rape statute in *Cantrell*. Thus, the defendant contends that Cantrell is a "retroactive enlargement of statutory criminal liability by judicial construction." In support of his position, the defendant relies on *State v. Carr*, 230 Kan. 322, 634 P.2d 1104 (1981), which held that the crime of *attempted* rape requires that the defendant have the specific intent to commit rape. By its very nature, any attempt to commit a crime requires the specific intent to commit the crime which the defendant is charged with attempting. *Cantrell* did not involve a charge of attempted rape and did not modify the law previously adopted in *State v. Carr*. We find this point to be without merit.

The defendant next maintains that the trial court erred in failing to instruct the jury on unlawful restraint (K.S.A. 21-3424) as a lesser included offense under aggravated kidnapping. Although unlawful restraint may be a lesser included offense of the crime of kidnapping, there was no necessity for giving an instruction on that offense under the facts presented in this case. A court's duty to instruct on a lesser included crime was considered in *State v. Staab*, 230 Kan. 329, 339, 635 P.2d 257 (1981), where it was held that the duty to instruct on a lesser included crime arises only when there is evidence under which the defendant might have reasonably been convicted of the lesser offense. In the present case, the theory of the defense was that the alleged victim voluntarily stopped, voluntarily entered into defendant's car, voluntarily remained in the car as it was driven to the field, and consensually agreed to sexual relations. Defense counsel did not request an instruction on a lesser included

offense. In fact, he objected to an instruction on the lesser included offense of kidnapping. Under the evidence, the defendant was either guilty of aggravated kidnapping or was not guilty.

The final issue presented by the defendant is that the trial court erred in holding that there was sufficient evidence to establish the independent crime of aggravated kidnapping. Simply stated, the defendant argues that the confinement of the victim in the automobile was of a kind inherent in the crime of forcible rape, was incidental to the crime of rape and was insufficient to establish the independent crime of aggravated kidnapping. The issue has been presented and discussed in a number of Kansas cases. See *State v. Brown*, 181 Kan. 375, 312 P.2d 832 (1957); *State v. Ayers*, 198 Kan. 467, 426 P.2d 21 (1967); *State v. Buggs*, 219 Kan. 203, 547 P.2d 720 (1976); and *State v. Cabral*, 228 Kan. 741, 619 P.2d 1163 (1980). Applying the principles set forth in those cases to the factual circumstances in this case, we have concluded that the evidence was sufficient to establish a separate offense of aggravated kidnapping under K.S.A. 21-3421. The evidence presented by the State showed that the victim was forced to remain in defendant's automobile against her will. Defendant drove her approximately six miles to a field in the country. When defendant removed her from the area of the road he substantially lessened the risk of detection and the rape was less likely to be discovered. Thus, the defendant's confinement and movement of the victim from a public road to a secluded field was not merely incidental to the crime of rape and we hold that it was sufficient to establish the independent crime of aggravated kidnapping.

The judgment of the district court is affirmed.