**Robert G. LILE, Petitioner,**

v.

**David R. McKUNE, et al., Respondents.**

**No. 95–3032–DES.**

United States District Court,
D. Kansas.

March 17, 1999.

Benjamin C. Wood, Topeka, KS, for Robert G Lile, petitioner.

Jared S. Maag, Office of Atty. Gen., Topeka, KS, Kevin C. Fletcher, U.S. Atty's Office, Sioux City, IA, for David R McKune, and Attorney General of Kansas, respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas. Having reviewed the record, which includes respondents' Answer and Return, and petitioner's Traverse, the court denies petitioner's application for habeas corpus relief.

*Factual Background*

Petitioner stands convicted in 1983 of aggravated kidnapping, rape, and aggravated sodomy. The facts underlying the conviction are taken from the state court's decision in petitioner's direct appeal. *State v. Lile,* 237 Kan. 210, 699 P.2d 456 (1985):

This case arose out of a sexual attack which occurred on September 21, 1982, in Johnson County.

The victim, a high school student, testified that she was forcibly raped by the defendant, Robert G. Lile, after being threatened with a gun. The defendant admitted that he had sexual relations with the victim but claimed that it was consensual. The facts in the case were disputed and essentially are as follows: Ms. D testified that on the afternoon of September 21, 1982, she was on her way home from school, when she saw a large white car stopped with the hood up. A man flagged her down for help. He asked her to help him pump the car's brakes and, at his directions, she did so. According to the victim, the defendant then came to the door and told her to slide over. He pulled a small black gun from his belt, pointed it at her, and ordered her to lock her door. She testified that she was afraid that he would shoot her with the gun. The man identified as the defendant then forced her to commit oral sodomy. After a few minutes, he drove her to a field off the beaten path and told her to take off her clothes, and they then had intercourse. The victim testified that she had never met the defendant before that day. Following the sexual intercourse, the defendant returned her to her car. The victim immediately drove to her school, crying and upset, and reported the incident. The police were notified. The defendant was subsequently arrested and charged.

The theory of the defense, as previously noted, was consent. The defendant testified that he had met the young woman a couple of days prior to September 21, 1982. He had a conversation with her, and they made plans to meet again at the same park the next day. According to defendant, that meeting took place. Defendant testified that on September 21, 1982, he had been looking for employment in Kansas, when his car developed trouble with the brakes. At

that point, the young woman arrived at the scene and they talked. He asked if she wanted to go and get a Coke and she said, "Yes" and they proceeded to do so. Defendant testified that, while they were in his car, she made sexual advances toward him. They then drove to the field and had intercourse. Defendant denied any threats or force and denied that any oral sex took place. This conflicting evidence was presented to the jury who chose to believe the victim rather than the defendant and found the defendant guilty on all three charges.

237 Kan. at 210–11, 699 P.2d at 457–58.

Petitioner seeks habeas corpus review on five grounds. Respondents acknowledge that petitioner has, through his direct appeal and motions for post-conviction relief under K.S.A. 60–1507, exhausted state court remedies on all five claims.

Because this case was filed before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), the pre-amendment standards of review under the "old" habeas statute prior to the passage of AEDPA apply. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Richmond v. Embry,* 122 F.3d 866, 870 (10th Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 1065, 140 L.Ed.2d 126 (1998).

*Sufficiency of the Evidence*

In his first three grounds, petitioner contends the prosecution presented insufficient evidence to support his convictions for rape, aggravated sodomy, and aggravated kidnapping.

A claim based on the sufficiency of the evidence is a mixed question of fact and law to be reviewed de novo on federal habeas review. *Maes v. Thomas,* 46 F.3d 979, 988 (10th Cir.), *cert. denied,* 514 U.S. 1115, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *accord, Scrivner v. Tansy,* 68 F.3d 1234, 1239 (10th Cir.1995), *cert. denied,* 516 U.S. 1178, 116 S.Ct. 1277, 134 L.Ed.2d 223 (1996). Direct and circumstantial evidence is to be examined. *United States v. Swallow,* 511 F.2d 514, 520 (10th Cir.), *cert. denied,* 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). The court "may not weigh conflicting evidence nor consider the credibility of witnesses." *Messer v. Roberts,* 74 F.3d 1009, 1013 (10th Cir.1996). The jury's resolution of the evidence must be accepted "as long as it is within the bounds of reason." *Grubbs v. Hannigan,* 982 F.2d 1483, 1487 (10th Cir.1993).

Although the record does not contain a complete transcript of petitioner's trial, the court finds sufficient evidence in the record to sustain petitioner's conviction on all charges.[1]

The Kansas Supreme Court reports that:

"[t]he victim testified without equivocation that she was forced to have sexual intercourse and oral sex with the defendant. She testified that the defendant

---

1. Rule 5 of the Federal Habeas Corpus Rules requires respondents to indicate what transcripts are available, and to attach to their Answer those transcripts deemed relevant. In the present case, respondents indicate the state district court clerk's office is unable to locate the transcript of petitioner's trial. Respondents have submitted with their Answer all other available transcripts. Neither party has submitted a narrative summary of the trial as a transcript substitute as allowed by Rule 5.

Under these circumstances, the court reviews the information in the record, including information about the trial that is reported in the Kansas Supreme Court's published decision, *State v. Lile,* 237 Kan. 210, 699 P.2d 456 (1985), the two unpublished opinions by the Kansas Court of Appeals, *Lile v. State,* Case No. 64,134 (July 27, 1990) and *Lile v. State,* Case No. 68,708 (February 4, 1994), and the portions of the trial transcript submitted by petitioner in support of his petition.

threatened her with what she thought was a real gun, which was later identified as a starter's pistol after it was taken from the defendant's person on his arrest. Immediately after she was released by the defendant, she drove to her school and reported that she had been sexually assaulted."

*Lile,* 237 Kan. at 211–12, 699 P.2d at 458.

Citing petitioner's six mile transport of the victim away from a public roadway, the Kansas Supreme Court further found petitioner's "confinement and movement of the victim from a public road to a secluded field was not merely incidental to the crime of rape and … was sufficient to establish the independent crime of aggravated kidnapping." *Lile,* 237 Kan. at 214, 699 P.2d at 459.

■ Petitioner argues the victim's testimony alone, without corroborating evidence, is insufficient evidence to support the convictions, and unconstitutionally shifts the burden of proof to petitioner. The court finds no merit to this claim.

■ Under the pre-AEDPA version of § 2254, a state court's determination of the facts is presumed correct absent the exceptions outlined in the statute. 28 U.S.C. § 2254(d). Petitioner bears the burden of establishing by convincing evidence that any challenged factual determination is erroneous. *Id.* Factual issues include the recital of events and the credibility of the narrators. *Thompson v. Keohane,* 516 U.S. 99, 109–10, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995) (citing *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled on other grounds,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)). A state jury's evaluation of witness credibility may be disregarded only if the court finds the witness is inherently incredible. *Tapia v. Tansy,* 926 F.2d 1554, 1561 (10th Cir.) *cert. denied,* 502 U.S. 835, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991).

In the present case, the jury was required to weigh the credibility of the victim against petitioner. Because the victim's testimony was not "inherently incredible," the jury's assessment that the victim was more credible is not disturbed by this court. The court finds the evidence, when viewed in the light most favorable to the prosecution, clearly is sufficient for a reasonable jury to find beyond a reasonable doubt that petitioner was guilty of the charged offenses.

*Ineffective Assistance of Counsel*

Petitioner next claims he was denied the effective assistance of counsel guaranteed under the Sixth Amendment. Petitioner's claim centers on his trial counsel's failure to seek dismissal of the charges based upon the government's failure to secure evidence that could have been vital to the defense.

To prevail on his claim of ineffective assistance of counsel, petitioner must satisfy the two-prong standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must first demonstrate that his counsel's performance was constitutionally deficient in that it fell below an objective standard of reasonableness. *Id.,* 466 U.S. at 688, 104 S.Ct. 2052. This first standard must be satisfied within the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* 466 U.S. at 689, 104 S.Ct. 2052. Second, petitioner must show that counsel's deficient performance prejudiced his defense. *Id.* 466 U.S. at 692, 104 S.Ct. 2052. To make this showing, petitioner must establish that "there is a reasonable probability that but for counsel's alleged errors the outcome of the proceedings would have been different." *Id.* 466 U.S. at 694, 104 S.Ct. 2052. Having reviewed the record, the court finds petitioner has satisfied neither of these *Strickland* standards.

■ Petitioner claims there were discarded convenience store cups in his car that would have revealed fingerprints of the victim, and thereby would have corroborated petitioner's version of the admitted sexual encounter on September 21, 1983. In his first post-conviction motion in the state courts, petitioner alleged in part that

the State had acted in bad faith in destroying this potentially exculpatory evidence which would have been material to the defense.

The record reflects that Missouri police officers took petitioner into custody on September 24, 1982. When questioned the same day by a Kansas police officer, petitioner states he told that officer that his activities with the victim had been consensual, that no force or threat was involved, and that he and the victim had met before and had gone to a convenience store for drinks on two different occasions, including the day of the alleged rape.[2]

On September 27, 1982, petitioner was moved to Kansas and arrested on a Kansas warrant. Petitioner's car was impounded and searched pursuant to a warrant on September 29, 1982. The exterior and front interior of the car were examined for fingerprint evidence. Other than noting trash was in the back seat, there was no further examination of any material in the back seat. The car was released to a towing service the same day. In their review of the record, the Kansas Court of Appeals noted "[t]he record fails to reveal who actually destroyed the purported potential evidence. In fact, the record reveals it is likely Lile's wife disposed of the trash." *Lile v. State,* unpublished decision in Case No. 64,134, p. 4 (July 20, 1990).

By a state court order dated September 28, 1983, counsel was appointed to represent petitioner. It appears that by the time defense counsel asked petitioner's mother about trash in the car, she indicated the car had already been cleaned out.[3]

During petitioner's state trial, defense questioning of witnesses established that there was refuse including convenience store cups on the backseat floorboard, that prints can be lifted from paper cups, and that the trash in the back seat area was not dusted for fingerprints.[4] Thus the jury was aware of circumstantial evidence supporting petitioner's testimony. However, petitioner argues the State's pre-search awareness of conflicting factual accounts by petitioner and the victim provided sufficient knowledge that the cups in the backseat of the car may have had exculpatory significance which required preservation and testing of that evidence.

■■■ The Due Process Clause of the Fourteenth Amendment requires a State to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This encompasses a general right of access to evidence. *United States v. McClelland,* 141 F.3d 967, 971 (10th Cir.1998).

The Supreme Court "divides cases involving nondisclosure of evidence into two distinct universes." *Fero v. Kerby,* 39 F.3d 1462, 1472 (10th Cir.1994), *cert. denied,* 515 U.S. 1122, 115 S.Ct. 2278, 132 L.Ed.2d 282 (1995). If the evidence is still in the government's possession, *Brady* and its progeny apply. *Id.* If, as in the present case, the government no longer possesses the disputed evidence, the tests in *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), and *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), control. *Id.*

■■■ The government must preserve evidence if it "might be expected to play a significant role in the suspect's defense." *McClelland,* 141 F.3d at 971 (*quoting Trombetta,* 467 U.S. at 488, 104 S.Ct. 2528). Under *Trombetta,* due process is denied if the government destroys evidence of "apparent exculpatory value," and the defendant is unable to obtain comparable evidence by other reasonably

---

**2.** Petitioner's Memorandum in support of his Petition for Writ of Habeas Corpus (hereinafter referred to as "Petitioner's Memorandum"), Doc. 4, Attached Memorandum in Case 88–C–11319, p. 4.

**3.** *See* Petitioner's Traverse (Doc. 37) (attached affidavit by petitioner's mother indicating car had been cleaned out before it was released).

**4.** *See* Petitioner's Memorandum, p. 4; *Lile v. State,* unpublished decision in Case No. 64,-134, p. 3–4 (July 27, 1990)

available means. *Trombetta,* 467 U.S. at 489, 104 S.Ct. 2528. However, if the exculpatory significance of the lost or destroyed evidence is only "potentially useful" to the defendant, due process is denied only if the defendant establishes bad faith by the government in its failure to preserve the evidence. *Youngblood,* 488 U.S. at 58, 109 S.Ct. 333.

"Potentially useful evidence" is defined as evidence of which "no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Youngblood,* 488 U.S. at 57, 109 S.Ct. 333. Although the credibility of petitioner and the victim were clearly critical in this case, the missing evidence had apparent exculpatory significance only if fingerprints were found and only if such fingerprints matched the victim. Thus the fingerprinting of the back seat trash at best offered only potentially exculpatory evidence. *Compare, United States v. Richard,* 969 F.2d 849, 853 (10th Cir.) (government's loss of boxes containing marijuana did not violate due process where boxes no longer available; evidence only "potentially useful" to critical issue of defendant's awareness of marijuana by odor emanating from boxes), *cert. denied,* 506 U.S. 887, 113 S.Ct. 248, 121 L.Ed.2d 181 (1992). Accordingly, the bad faith standard of *Youngblood* would control the assessment of petitioner's underlying due process claim. *See, United States v. Bohl,* 25 F.3d 904, 910 (10th Cir.1994) (showing that government destroyed "potentially useful evidence" is sufficient to trigger *Youngblood* test).

Under *Youngblood,* petitioner has the burden of showing the officers acted in bad faith. *United States v. Donaldson,* 915 F.2d 612, 614 (10th Cir.1990). The mere fact the government controlled the evidence and failed to preserve it is by itself insufficient to establish bad faith. *Richard,* 969 F.2d at 853–54 (*citing United States v. Zambrana,* 841 F.2d 1320, 1343 (7th Cir.1988)).[5] Nor will bad faith be found in governmental negligence in failing to preserve potentially exculpatory evidence. *United States v. Parker,* 72 F.3d 1444, 1452 (10th Cir.1995). Although it appears the evidence at issue may not have been preserved long enough for independent defense inquiry, even the dissent in *Youngblood* recognized that preservation of physical evidence that would be compelled by sound investigative techniques may not be required under circumstances where the sample does not point directly to defendant's guilt or innocence. *Youngblood,* 488 U.S. at 70, 109 S.Ct. 333.[6]

Under these standards, petitioner cannot show the bad faith required by *Youngblood,* even if it is assumed the police cleaned the back seat trash out of petitioner's car, and notwithstanding the impact such fingerprint evidence could have had on the credibility of the victim's testimony.

The court thus concludes that counsel's failure to file a motion to dismiss petitioner's criminal case, based upon a non-meritorious claim of police destruction of potentially exculpable evidence, does not satisfy *Strickland.*[7]

---

5. Although petitioner argues the government's failure to follow state rules in the release of his car showed "bad faith" in the State's handling of the evidence therein, the Kansas Court of Appeals found the statute cited by petitioner regarding disposition of seized evidence did not apply to the impoundment and testing of petitioner's car. *Lile v. State,* unpublished decision No. 64,134, p. 4 (July 27, 1990). This determination of state law is beyond this court's habeas corpus review. *Nguyen v. Reynolds,* 131 F.3d 1340, 1359 (10th Cir.1997), *cert. denied,* — U.S. ——, 119 S.Ct. 128, 142 L.Ed.2d 103 (1998).

6. While not an issue decided by the majority in *Youngblood,* the facts in that case also included the police disposal of defendant's car without first checking the car to confirm or refute elements of the victim's testimony. *Youngblood,* 488 U.S at 72, 109 S.Ct. 333.

7. Petitioner claims an evidentiary hearing is required to resolve a factual dispute as to whether the police destroyed the potential evidence (Doc. 37). The court does not agree.

Because the state court did not hold an evidentiary hearing on petitioner's claim of ineffective assistance of counsel, the factual

*State Post–Conviction Proceedings*

Finally, petitioner contends the state trial court erred in failing to appoint counsel and hold an evidentiary hearing on petitioner's motions for post-conviction relief under K.S.A. 60–1507. The court finds no error of constitutional dimension is presented in this alleged error.

■ Under the Kansas statute, no hearing is mandated if the state district court determines that the "files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 60–1507(b). *See generally, Wright v. State,* 5 Kan.App.2d 494, 495, 619 P.2d 155 (1980) (sets forth guidelines for granting evidentiary hearings on 1507 motion). In denying an evidentiary hearing in both of petitioner's 1507 motions, the state district court made these required statutory findings.

■ Non-constitutional infirmities in state habeas proceedings do not constitute grounds for federal habeas relief. *See Williams v. State of Missouri,* 640 F.2d 140 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). *See e.g., Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (no right under federal constitution to appointment of counsel for state post-conviction proceedings; ineffectiveness of counsel in such proceedings does not provide basis for federal habeas corpus relief). The Kansas statute makes an evidentiary hearing in a post-conviction proceeding a matter of court discretion, and the application of that statute in the present case resulted in no violation of petitioner's right to due process under the United States Constitution.

*Conclusion*

Finding no merit to petitioner's claims of constitutional error in his state court conviction and confinement, the court denies petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

---

record is to be evaluated. *Miller v. Champion,* 161 F.3d 1249, 1254 (10th Cir.1998). No evidentiary hearing is required in federal court if the record is sufficient to resolve the issue presented for habeas corpus review, and if no material facts are in dispute. *Scrivner v. Tansy,* 68 F.3d at 1242; *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1536 (10th Cir. 1994).

As discussed herein, any factual dispute regarding who cleaned out the backseat trash in petitioner's car does not need to be decided given the legal standards applicable to petitioner's claim that trial counsel was ineffective for not seeking dismissal of the charges based upon the State's alleged destruction of potentially exculpatory evidence.

Nor is an evidentiary hearing warranted based on petitioner's supplemental request for an evidentiary hearing (Doc. 39), in which he provides additional information in the form of a photocopy of an undated letter by petitioner's mother regarding a new allegation regarding defense counsel's decision not to have the mother and petitioner's pastor testify at petitioner's trial as planned.